IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2025 JUN 26 A 8: 13

DEPUTY CLERK

John D Hartz

-against-

Brandon E Lenart

**Complaint for a Civil Case**

Civil No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☑ No
*(check one)*

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FALSE DMCA COUNTER-NOTICE

PARTIES

**Plaintiff John Hartz** resides at 1 Ice Pond Road, Cape Elizabeth, Maine 04107.

**Defendant Brandon Lenart** resides at 3684 Old Railroad Lane, Guthrie, Kentucky 42234.

JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act, 17 U.S.C. § 512.
2. This Court has personal jurisdiction over Defendant because Defendant has committed tortious acts that caused injury within this judicial district by infringing Plaintiff's copyright through distribution of infringing materials via internet platforms accessible within this district.
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

STATEMENT OF FACTS

4. Plaintiff is the creator and owner of an original three-dimensional design work, specifically a creative design for connecting aviation headset systems.
5. This original creative work was first designed and developed by Plaintiff in November 2018 and publicly announced on Facebook on December 10, 2018.
6. Plaintiff obtained federal copyright registration for this creative work under Registration Number VA-2-445-348 from the United States Copyright Office.
7. In December 2019, Defendant contacted Plaintiff directly via Facebook Messenger after viewing Plaintiff's copyrighted design work online.
8. Defendant requested to purchase Plaintiff's design files, stating: "I was wondering if I could buy just the stl file for the A20 adaptor? I wouldn't share it."
9. Plaintiff explicitly refused Defendant's request, stating: "Unfortunately I don't feel comfortable sharing the file. And I wouldn't likely give it at any discount since thats where all the value and work is."
10. Despite this refusal, Defendant proceeded to create a substantially similar design work based on Plaintiff's copyrighted creative work.
11. When Defendant posted his design work to Thingiverse, he admitted to researching existing solutions, stating: "after many hours of searching there seem to only be two places that have an adapter. One place will only include them on their $1200 helmets and another will sell their adapter alone for $80 and will not share the files."
12. This statement directly references Plaintiff's design work and acknowledges Plaintiff's refusal to share design files.
13. Defendant's own CAD files show a completion date of May 30, 2020, over 18 months after Plaintiff's creation and 5 months after Defendant's direct contact with Plaintiff.
14. In December 2024, Plaintiff submitted a proper DMCA takedown notice to Thingiverse under 17 U.S.C. § 512(c), which successfully removed Defendant's infringing content.

15. Defendant did not file a counter-notice to challenge this DMCA takedown, allowing the removal to stand.
16. In May 2025, Defendant re-uploaded the same infringing design work to multiple platforms including but not limited to thingiverse.com, printables.com, and makerworld.com.
17. This re-upload of previously removed content demonstrates willful infringement and deliberate disregard for Plaintiff's copyright rights in his creative work.
18. In June 2025, when faced with another DMCA takedown request, Defendant filed a counter-notice under 17 U.S.C. § 512(g) containing the following false statement made under penalty of perjury: "I independently designed the adapter in question using my own measurements and CAD modeling process, without copying or deriving from the complainant's copyrighted work."
19. This statement is materially false because Defendant had documented access to Plaintiff's creative work, explicitly requested Plaintiff's design files, and created his design work only after this access and request.
20. Plaintiff has also received harassing communications through his business website, including a message stating "You're a scumbag and your adapters are not yours. I am uploading everywhere," which Plaintiff believes was submitted by Defendant based on the timing and content, though unable to definitively verify the sender's identity.
21. As a direct result of Defendant's copyright infringement, Plaintiff has suffered damages including lost sales, dilution of market exclusivity, and harm to the commercial value of Plaintiff's copyrighted creative work.
22. As a direct result of Defendant's false counter-notice, Plaintiff has been forced to incur additional legal expenses and time to prevent restoration of the infringing content.

## COUNT ONE: COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates all preceding allegations.
24. Defendant copied and distributed Plaintiff's copyrighted creative design work without authorization.
25. Defendant's infringement was willful, as evidenced by his direct contact with Plaintiff, explicit refusal of permission, successful DMCA takedown in December 2024, deliberate re-upload in May 2025, and false claims of independent creation.

## COUNT TWO: FALSE DMCA COUNTER-NOTICE

26. Plaintiff incorporates all preceding allegations.
27. Defendant filed a counter-notice under 17 U.S.C. § 512(g) containing material misrepresentations made under penalty of perjury.
28. These misrepresentations were made with knowledge of their falsity and were material to the service provider's decision-making process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Enter judgment in favor of Plaintiff on all counts;

B. Award statutory damages for willful copyright infringement under 17 U.S.C. § 504(c)(2);

C. Award damages for Defendant's false counter-notice under 17 U.S.C. § 512(f);

D. Award reasonable attorneys' fees and costs under 17 U.S.C. § 505;

E. Enter a permanent injunction enjoining Defendant from further infringement;

F. Order impoundment and destruction of all infringing materials; and

G. Grant such other relief as the Court deems just and proper.

Date: 6/26/25

*[signature]*

John Hartz
1 Ice Pond Road
Cape Elizabeth, Maine 04107
Phone: (540) 229-7606
Email: info@skycowboysupplyco.com