UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN D. HARTZ,<br><br>   Plaintiff,<br><br>v.<br><br>BRANDON E. LENART,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) 2:25-cv-00334-SDN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING MOTION TO DISMISS

  This matter is before the Court on Defendant Brandon Lenart's motion to dismiss for lack of jurisdiction. ECF No. 8. For the reasons discussed below, Mr. Lenart's motion to dismiss is **GRANTED**.

### I. Procedural History

  Mr. John Hartz creates three-dimensional designs for connecting aviation headset systems. ECF No. 1 at 2. On June 26, 2025, he filed suit against Mr. Lenart for violations of the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512, alleging Mr. Lenart had improperly appropriated Mr. Hartz's copyrighted work and distributed it on multiple public websites for others to download. *Id*. Mr. Hartz brings two counts against Mr. Lenart: one for copyright infringement and one for filing a false DMCA counter notice. *See id*. at 3. Mr. Hartz lives in Cape Elizabeth, Maine, and Mr. Lenart resides in Guthrie, Kentucky. *Id*. at 2.

  Mr. Lenart was served on September 16, 2025. ECF No. 7. On September 22, 2025, Mr. Lenart brought a motion to dismiss for lack of personal jurisdiction. ECF No. 8. He

1

has not yet answered the complaint. On September 25, 2025, Mr. Hartz filed his response in opposition to the motion to dismiss. ECF No. 9.

## II. Facts

In conducting its factual inquiry of a motion to dismiss, the Court draws "the relevant facts from 'the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to plaintiff's version of genuinely contested facts.'" *Ward v. AlphaCore Pharma, LLC*, 89 F.4th 203, 209 (1st Cir. 2023) (quoting *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016)). The Court may also consider "undisputed facts put forth by the defendant." *Baskin-Robbins*, 925 F.3d at 34. However, the Court does not "credit conclusory allegations or draw farfetched inferences." *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

The following facts are drawn from the Plaintiff's version of events. *See Ward*, 89 F.4th at 209. Mr. Hartz owns an aviation supply company called Sky Cowboy Supply Company ("SCSC") which is based in Portland, Maine. *See* ECF No. 9 at 4. Mr. Hartz's Facebook profile publicly lists his residence as Portland, Maine. *See id*. at 15. In 2019, Mr. Lenart contacted Mr. Hartz on Facebook and asked whether he was "the same John from SCSC [Sky Cowboy Supply Company]?" *Id*. at 15. Mr. Lenart also inquired whether he could buy the digital STL file[1] of an aviation headset mechanism Mr. Hartz had designed and registered with the U.S. Copyright Office. *See id*.; ECF No. 1 at 2. Mr. Hartz expressed discomfort with sharing the file and declined to provide it to Mr. Lenart. *See id*.

---

[1] An STL file is a digital file that represents the three-dimensional shape of a physical object.

In May 2020, Mr. Lenart posted a version of the headset mechanism he had allegedly designed onto a website—Thingiverse—allowing other users to download it for free. *See* ECF No. 9 at 16. Under the DMCA, a person who alleges copyright infringement may send a takedown notice to the website which hosts the allegedly infringing content. *See* 17 U.S.C. § 512(c)(3)(a) ("[A] notification of claimed infringement must be a written communication provided to the designated agent of a service provider . . . ."). In turn, the person who uploaded the allegedly infringing content may submit a counter notification to the host website contesting the infringement. *See* 17 U.S.C. § 512(g)(3) ("[A] counter notification must be a written communication provided to the service provider's designated agent . . . ."). In December 2024, Mr. Hartz submitted a DMCA takedown notice to Thingiverse, where Mr. Lenart had posted his allegedly infringing design, and the website took down Mr. Lenart's content. ECF No. 1 at 2. At that time, Mr. Lenart did not submit a counter notice to the DMCA takedown request. *Id.* at 3.

In May 2025, Mr. Lenart re-uploaded the design to other public websites, makerworld.com and printables.com. *Id.* In the item's description on printables.com, Mr. Lenart wrote, "There is a person selling his own design, and if you want to pay $75 for his go ahead . . . here is his website [URL for SCSC website]. These are not copied from his design, I started designing these before I even knew about his. I originally had a hard time designing this and almost gave up, I did some googling and found a person who makes adaptors for the A20s [headsets], I reached out to see if he would sell me just the files but he declined. That drove me to continue designing my own until I got them right!" ECF No. 9 at 17. The item description linked to Mr. Hartz's design on the Sky Cowboy Supply Company website. *See id.*

In response to these two uploads, Mr. Hartz submitted another DMCA takedown request. *See* ECF No. 1 at 3. In June 2025, Mr. Lenart filed a counter notice to this request, asserting that he had "independently designed the adapter in question using my own measurements and CAD modeling process, without copying or deriving from the complainant's copyrighted work." *Id*.

### III.  Discussion

Mr. Lenart moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 8. When a defendant challenges personal jurisdiction before filing an answer, the plaintiff bears the burden of establishing that jurisdiction exists. *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009). Because the Court's determination relies on the parties' written submissions and affidavits, rather than an evidentiary hearing, the plaintiff needs only to make a prima facie showing of personal jurisdiction. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *see also Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) ("Because the district court did not hold an evidentiary hearing but credited the plaintiff's evidentiary submissions, we construe the court's ruling as employing the prima facie method."). Under the prima facie standard, the plaintiff must proffer "evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." *Bluetarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 79 (1st Cir. 2013) (quoting *Phillips*, 530 F.3d at 26). Because both parties are pro se, the Court construes their filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Personal jurisdiction is a fundamental requirement that grants a court the power to compel parties to obey its decrees. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001). In cases invoking federal question jurisdiction, *see* 28 U.S.C.

§ 1331, the Fifth Amendment's Due Process Clause governs the inquiry, requiring the plaintiff to "show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state," *Swiss Am. Bank*, 274 F.3d at 618; *see United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) (noting the Fifth Amendment, not the Fourteenth, fixes the constitutional limits of personal jurisdiction in federal question cases).

A federal court may only exercise personal jurisdiction if proper service of process is effected, however. *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Service must be grounded in a federal statute or civil rule. *Swiss Am. Bank*, 274 F.3d at 618. Because neither the Copyright Act nor the DMCA provides for nationwide service of process, *see Am. Century Home Fabrics Inc. v. Ashley Furniture Indus., Inc.*, No. CV 06-10932, 2006 WL 8458434, at *1 n.2 (D. Mass. Oct. 31, 2006) (discussing the Copyright Act); *Harms v. Lillie*, No. 23-CV-02616, 2025 WL 753699, at *5 (D. Colo. Mar. 9, 2025) (discussing the DMCA), the Court may exercise personal jurisdiction over Mr. Lenart only if he is subject to the jurisdiction of a court of general jurisdiction in the forum state, *Jorge v. Adler*, No. 22-CV-30075, 2024 WL 111997, at *3 (D. Mass. Jan. 10, 2024). Accordingly, the Court must conduct the same personal jurisdiction inquiry as in a diversity case, focusing on the defendant's contacts with the forum state—Maine—rather than with the United States as a whole. *See Motus, LLC v. CarData Consultants Inc.*, 520 F. Supp. 3d 87, 91 (D. Mass. 2021), *aff'd*, 23 F.4th 115 (1st Cir. 2022); *see also* Fed. R. Civ. P. 4(e), (k).

When assessing whether a non-resident defendant is subject to personal jurisdiction, a federal court sitting in diversity functions as the equivalent of a state court in the forum state. *N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 24 (1st Cir. 2005).

5

Consequently, the Court must determine if the defendant's forum contacts satisfy both that state's long-arm statute and the requirements of the Fourteenth Amendment's Due Process Clause. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). Because Maine's long-arm statute extends to maximum limits of the Due Process Clause, 14 M.R.S. § 704-A(1) (2025), the constitutional inquiry effectively defines the limits of the Court's personal jurisdiction, *Hansen v. Homesite Ins. Co. of the Midw.*, No. 1:24-CV-00278, 2025 WL 1865957, at *14 (D. Me. July 7, 2025).

The Due Process Clause recognizes two types of personal jurisdiction: general and specific. A court may exercise general jurisdiction over a defendant when the defendant's contacts with the forum state are "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)); *see Lechoslaw v. Bank of Am., N.A.*, 618 F.3d 49, 54 (1st Cir. 2010). Nothing in the record—controverted or otherwise—suggests Mr. Lenart conducts business in Maine or is otherwise at home in the state. *See* ECF No. 8 at 3 ("Defendant is not incorporated in Maine, does not maintain its principal place of business in Maine, and is not essentially at home here.") (quotation modified)). Accordingly, if the Court may exercise personal jurisdiction over Mr. Lenart at all, it must do so under a theory of specific, rather than general, jurisdiction.

### A. Specific Personal Jurisdiction

The First Circuit applies a tripartite analysis to determine whether sufficient minimum contacts exist between the defendant and the forum state to support the exercise of specific personal jurisdiction. First, the claim must arise directly from or relate to the defendant's activities in the forum. *Rosenthal v. Bloomingdales.com, LLC*, 101

F.4th 90, 95 (1st Cir. 2024). Second, the defendant's in-state contacts must "represent a purposeful availment of the privilege of conducting activities in that state." *Id.* (quoting *Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 59 (1st Cir. 2020)). Third, the exercise of jurisdiction must be reasonable. *Id.*

### 1. Purposeful Availment

To establish personal jurisdiction, the plaintiff must make a prima facie showing that the defendant had "certain minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Stokinger v. Armslist, LLC*, No. 24-1697, ___ F.4th ___, 2026 WL 310022, at *3 (1st Cir. Feb. 5, 2026) (quotation modified). Specifically, Mr. Hartz must show the Defendant "deliberately targeted [his] behavior toward the society or economy of the forum such that the forum should have the power to subject the defendant to judgment regarding that behavior." *Id.* (quotation modified). The Plaintiff must identify contacts demonstrating that the Defendant expressly aimed its tortious conduct at the forum state, thereby making the forum state the focal point of the tortious activity. *See Accessories Ltd. of Me., Inc. v. Longchamp U.S.A.*, 170 F. Supp. 2d 12, 15 (D. Me. 2001). This requires a showing of both voluntariness of the Defendant's actions and foreseeability such that the Defendant would "reasonably anticipate being haled into court" in the forum state. *Stokinger*, 2026 WL 310022, at *4 (quotation modified).

The Plaintiff has shown only that Mr. Lenart uploaded the allegedly infringing design to three nationally-accessible websites. Even construing Plaintiff's filings liberally, there is no indication that Mr. Lenart's uploads were expressly aimed at the State of Maine. Courts within this Circuit and around the country have consistently held that the mere act of hosting allegedly infringing content on a website accessible in the forum state

7

is insufficient to confer personal jurisdiction. In *ICP Solar Techs., Inc. v. TAB Consulting, Inc.*, 413 F. Supp. 2d 12 (D.N.H. 2006), the court found there was no personal jurisdiction over the defendant where there was no evidence that the defendant (1) made any sales of the allegedly infringing products to New Hampshire residents through its website, "fielded any product-related inquiries from New Hampshire residents," or (2) used its website "to specifically target the New Hampshire retail market." *Id.* at 19. Similarly in *Douglas Co., Inc. v. My Brittany's LLC*, No. 19-CV-1234, 2020 WL 2768973 (D.N.H. May 28, 2020), the court rejected personal jurisdiction where the record contained no evidence of other sales by the defendant through its website into New Hampshire. *Id.* at *8; *see also Stokinger*, 2026 WL 310022, at *8 (noting the crucial analysis "with respect to a website that is accessible in every state" is whether "the defendant knew that its website's capacity to have an impact in the forum state was in fact being operationalized to have an impact in that forum state"); *Viral DRM, LLC v. Unknown Counter Notificants*, 688 F. Supp. 3d 1271, 1278 (N.D. Ga. 2023) (noting courts routinely decline to exercise specific personal jurisdiction over non-resident defendants who upload copyright-infringing content to websites not specifically directed at the forum) (collecting cases).

      Mr. Hartz has produced no record evidence that the Defendant took intentional actions to interfere with Mr. Hartz and his business beyond posting an allegedly infringing design. Nor has he provided any evidence that Maine residents downloaded, purchased, or otherwise interacted with the designs Mr. Lenart posted on Thingiverse, makerworld.com, or printables.com. "The mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible . . . ." *McBee v. Delica Co.*, 417 F.3d 107, 124 (1st Cir. 2005). Mr. Hartz has offered

no support for his argument that Mr. Lenart was directing his activities specifically toward Maine, or that Mr. Lenart was engaging in business activities at all, given that he uploaded the designs for free.

Defendant's delivery of a DMCA counter notification to Mr. Hartz in Maine similarly fails to establish jurisdiction. Rather, Mr. Lenart sent the counter notification to makerworld.com and printables.com, which in turn forwarded a copy to the Plaintiff. *See Project DOD, Inc. v. Federici*, No. CIV. 09-213, 2009 WL 4910320, at *5 (D. Me. Dec. 13, 2009), *report and recommendation adopted*, 2010 WL 559115 (D. Me. Feb. 11, 2010) (holding that a DMCA takedown notice fails to confer personal jurisdiction); *Williams v. Licari*, 692 F. Supp. 3d 647, 658 (E.D. Tex. 2023) (same). This indirect interaction does not constitute behavior "intentionally targeted at and focused on" the forum. *Project DOD*, 2009 WL 4910320, at *5 (quoting *Longchamp*, 170 F. Supp. 2d at 15).

Based on the record, the Court declines to exercise personal jurisdiction over Mr. Lenart, as his connections to Maine are tenuous and his conduct fails to meaningfully connect him to the forum. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014). Accordingly, because the purposeful availment element is dispositive, the Court ends its analysis here and concludes the Court concludes lacks personal jurisdiction over the Defendant. *See Motus*, 23 F.4th at 124 ("In website cases, we have recognized that the 'purposeful availment' element often proves dispositive. We begin—and end—there." (citation omitted)).

### B. Transfer

Under 28 U.S.C. § 1631, a court that concludes it lacks personal jurisdiction over a defendant must transfer the action, in the interests of justice, to any other court where the case could have been brought. *See* 28 U.S.C. § 1631. Civil copyright actions "may be

instituted in the district in which the defendant or his agent resides . . . ." 28 U.S.C. § 1400(a). In his motion to dismiss, Mr. Lenart acknowledges he consented to the jurisdiction of the United States District Court for the Western District of Kentucky pursuant to the DMCA's jurisdiction provision for subscribers.[2] ECF No. 8 at 1; *see* 17 U.S.C. § 512(g)(3)(D). Thus, venue properly lies in the District Court for the Western District of Kentucky, where Mr. Lenart resides.

## IV.    Conclusion

In sum, Mr. Hartz has not successfully shown that the Court has specific personal jurisdiction over Mr. Lenart. The Court **GRANTS** Mr. Lenart's motion to dismiss for lack of personal jurisdiction. ECF No. 8. Pursuant to 28 U.S.C. § 1631, the Clerk of Court shall transfer this proceeding to the United States District Court for the Western District of Kentucky.

SO ORDERED.

Dated this 10th day of February, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[2] A subscriber is the user who is identified in a copyright infringement notice, who in this case is Mr. Lenart.